KETHLEDGE, Circuit Judge,
concurring.
CONCURRENCE
No two cases present identical facts, and thus every application of a Supreme Court rule is in a sense an extension of it. In White v. Woodall, — U.S.-, 134 S.Ct. 1697, 188 L.Ed.2d 698 (2014), however, the Court made clear that we can grant the writ only if the state courts unreasonably apply a Supreme Court rule, not if they unreasonably refuse to extend it. Thus, in habeas cases, we must draw a line between applications of Supreme Court rules and extensions of them.
That said, “the difference between applying a rule and extending it is not always clear.” Id. at 1706 (alterations and interi- or quotation marks omitted). In most habeas cases, the question is simply how a particular rule — say, the Supreme Court’s holding in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) — applies to the facts of the case. But in some cases the question is whether the rule should apply to those facts in the first place. As I read Woodall, if a fair-minded jurist could hold that a rule should not apply to a set of facts, then the case calls for an extension of the rule and the state courts were free not to apply it. Our recent decision in Drummond v. Houk, *457 797 F.3d 400 (6th Cir.2015) — which involved the question whether the Supreme Court’s rules governing full-closures of a courtroom to the public apply when a closure is only partial — provides an example.
Whether Keys’s case calls for an application of the holding from Deck v. Missouri, 544 U.S. 622, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005), or an extension of it, is a close question. The question, specifically, is whether Keys is entitled to Deck’s presumption of prejudice on grounds that he was shackled for 90 minutes during voir dire for his trial. Deck itself was a penalty-phase case, but relied on guilt-phase cases throughout. And our court has already made clear in a habeas case that Deck’s presumption of prejudice applies as much to shackling during the guilt phase as it does to shackling during the penalty phase. See, e.g., Mendoza v. Berghuis, 544 F.3d 650, 654 (6th Cir.2008). The weak spot in Keys’s argument, however, is his assumption that we should treat voir dire as part of the guilt phase for purposes of Deck’s presumption. A fairminded jurist could think otherwise: of the three factors that underlay Deck’s presumption, at least one of them — “the accused’s ability to communicate with his lawyer[,]” 544 U.S. at 631, 125 S.Ct. 2007 (internal quotation marks omitted) — is likely less important during voir dire than during the evidentiary phases of trial. For a criminal defendant’s comments to his lawyer are likely more useful during, say, the testimony of a confederate, than they are during jury selection. And one might at least argue that another factor — the presumption of innocence, id. at 630, 125 S.Ct. 2007 — is less implicated during jury-selection than it is when the jury is actually determining the defendant’s guilt. Throw in that Keys was shackled only for 90 minutes during voir dire, and a fairminded jurist could conclude that Keys was not entitled to the same presumption of prejudice that a defendant shackled throughout the entire guilt phase would be. Keys therefore seeks an extension of Deck’s holding rather than an application of it, which under Woodall means the district court properly denied relief.
With these observations, I join our court’s opinion in full.